Opinion issued May 9, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

NO. 01-13-00194-CR
NO. 01-13-00195-CR
NO. 01-13-00196-CR

_____

**JOSHUA WAYNE HARGRAVES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 11CR0683, 11CR0684, & 11CR0685**

---

**MEMORANDUM OPINION**

Pursuant to a plea-bargain agreement with the State, appellant Joshua Wayne Hargraves pleaded guilty to two felony offenses of aggravated sexual assault of a disabled person and one felony offense of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11 (West 2011), § 22.021 (West Supp. 2012). The

plea-bargain in these cases entailed the State's agreement to abandon an enhancement paragraph for each offense in exchange for appellant's pleas of guilty. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). The trial court accepted appellant's pleas and found appellant guilty of the offenses. The trial court then sentenced appellant to confinement for 50 years in the Institutional Division of the Texas Department of Criminal Justice for each offense of aggravated sexual assault and for 20 years in the Institutional Division of the Texas Department of Criminal Justice for the offense of indecency with a child by contact, and ordered that the sentences run concurrently. Appellant has filed notices of appeal. We dismiss the appeals.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). A charge-bargain, like that entered into by the appellant and the State in these cases, where the defendant agrees to plead guilty in exchange for the prosecutor bringing lesser charges or agreeing to remove enhancements, is a plea-bargain under Texas Rule of Appellate Procedure 25.2. *See Shankle*, 119 S.W.3d at 813–14. An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certifications are included in the record on appeal. *See id*. The trial court's certifications indicate that these are plea bargain cases and the appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports that appellant has no right of appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we reinstate and dismiss the appeals for want of jurisdiction. We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).